**UNITED STATES of America, Plaintiff,**

v.

**Esther Lee PURDOME (formerly Rimann), Defendant.**

**No. 12572.**

United States District Court
W. D. Missouri, W. D.

June 4, 1963.

See also D.C., 30 F.R.D. 338.

Wm. Springer, Kansas City, Mo., for defendant.

Calvin Hamilton, Asst. U. S. Atty., Louis Lombardo, Dept. of Justice, Kansas City, Mo., for plaintiff.

JOHN W. OLIVER, District Judge.

This case is presented on a stipulation of facts dated August 9, 1961, a supplemental stipulation of facts dated June 20, 1962, and a second supplemental stipulation of facts dated October 12, 1962.

Both parties suggest that three questions are presented. They are in substantial agreement as to two of those questions, but some confusion exists in regard to the first question stated by both.

Plaintiff suggests that the first question presented is "whether the Government is entitled to judgment against the defendant as personal representative of decedent's estate for unpaid income tax liabilities". Defendant phrases the first question: "Is the United States entitled to judgment against the Estate of Wolf C. Rimann, Deceased, Esther Lee Purdome, Administratrix, for unpaid income tax liabilities, fraud penalties, and interest thereon of Wolf C. Rimann, Deceased for the taxable years 1945 and 1946".

We do not believe either statement is quite accurate. This is not an action against the estate of Wolf C. Rimann, deceased. The issues are defined by the pleadings which clearly reflect that the Government never attempted to recover any judgment against either the Estate or against the defendant in her official capacity as administratrix of that Estate. It is, of course, true that the original complaint prayed that the Court make a finding "that there is an outstanding liability for the taxes of Wolf C. Rimann, deceased, in the total sum of $155,101.01, plus interest according to law for which plaintiff is entitled to judgment"; but that complaint prayed that "defendant Esther Lee Purdome be ordered to disclose to this Court the nature, amount and value of all property received by her from Wolf C. Rimann, deceased, through transfer effective at his death" and that this Court "order and decree that the property taken over and received by the defendant herein be applied to the payment of the taxes, penalties and interest due plaintiff from the decedent's estate, or, if she no longer retains such property, that plaintiff have and recover judgment against the defendant in a sum equivalent to the value of the property originally so transferred to her, plus interest thereon according to law".

The amended complaint, upon which plaintiff's rights in this action depend, merely added a new paragraph which prayed "that under 31 U.S.C. Section 192, the Court find and determine the total amount of payments of junior claims from the Estate of Wolf C. Rimann which were permitted by defendant, as administratrix, before payment and satisfaction of the debts owed by said Estate to the United States, and that plaintiff have judgment in the amount so found to have been paid out, together with interest thereon; provided, however, that the said judgment not exceed the total sum of $155,101.01, plus accrued interest; or that under the trust fund theory, the Court find and determine the total amount of all property received by defendant from the estate of Wolf C. Rimann, deceased; and that plaintiff have judgment in the amount so found to have been received, together with accrued interest thereon; provided, however, that said judgment shall not exceed the total

sum of $155,101.01, plus accrued interest;".

Section 192, of course, identifies many persons, including an administratrix, who "shall become answerable in his own person and estate" in connection with the prohibited payments there identified. But that does not mean that an action for a judgment sought under that section seeks a judgment either against the estate of the deceased or against the administratrix in her official capacity as an administratrix. A personal judgment is sought against an individual who happened to be an administratrix; no more and no less.

■ In regard to the first question, we therefore rule that plaintiff is not entitled to judgment against the estate, nor is it entitled to judgment against defendant in her official capacity as administratrix.

The second and third questions correctly raise the question of whether defendant is personally liable under Section 192 for payment of the claims stipulated without satisfying prior debts due the United States, and whether the defendant under the trust fund theory is also personally liable to the extent of the assets stipulated to have been received by her from the decedent's estate.

■ Defendant urges again the statute of limitations question initially determined by Judge Ridge on July 24, 1961. We adopt what Judge Ridge had to say concerning that point as it appears in the last paragraph on page 3 of his Order of July 24, 1961, as continued to the middle of page 4 of that Order and hold that this action is not barred by the statute.

■ We find the facts as they are stipulated and also find that it is apparent from the stipulated facts that the assets of the estate were at all times insufficient to pay its liabilities including the outstanding priority claim of the United States for unpaid income taxes. The fact that the amount of the tax claim was not definitely determined at the time of the payment of the claims is not controlling.

Defendant bases much of her argument on the rule of Botany Worsted Mills v. United States, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379, which holds that the acceptance of the Commissioner of Internal Revenue of Form 870–AS does not comply with the statute requiring acceptance by the Secretary, the Under Secretary, or an Assistant Secretary so that it may be construed as a closing agreement under Section 3760. But, as Cain v. United States, 8th Cir. 1958, 255 F.2d 193, points out, that case does not hold that such an agreement, under proper factual circumstances, may not be binding upon the parties. We find that the factual situation here stipulated clearly calls into play the application of the doctrine of estoppel and so rule as a matter of law.

For the reasons stated, and pursuant to the stipulation of the parties so far as amount is concerned, we hold that defendant is indebted to the plaintiff in the sum of $16,348.50, together with interest.

Form of judgment shall be submitted by the plaintiff on notice within ten (10) days.

It is so ordered.